NOT DESIGNATED FOR PUBLICATION

No. 115,052

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA PHILLIPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; RICHARD T. BALLINGER, judge. Opinion filed January 20, 2017. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.


*Per Curiam*: Joshua Phillips appeals the district court's revocation of his probation. Specifically, Phillips alleges that the district court erred in bypassing the intermediate nonprison sanctions set forth in K.S.A. 2015 Supp. 22-3716(c) because the district court failed to make the requisite particularized findings. We disagree and affirm the district court's decision.

1

*Factual and Procedural Background*

In December 2012, Phillips pleaded guilty to two counts of aggravated robbery. The district court accepted the plea, and consistent with the terms of the parties' plea agreement, imposed a dispositional departure sentence of 36 months' probation with an underlying controlling prison term of 122 months.

In July 2014, the district court issued a warrant for Phillips based on the allegation that he had violated the terms of probation by: committing new crimes; driving without a valid license and insurance; failing to abide by his gang conditions curfew; associating with prohibited persons; possessing marijuana and alcohol; failing to notify his supervising officer within 24 hours of contact with law enforcement; and failing to complete the required educational program.

At the revocation hearing, the district court reviewed the facts of the case, stating:

> "A warrant was filed on this case on July 7th alleging that on June 28, 2014, the defendant committed the offense of failure to stop from a private drive, no driver's license, no proof of insurance, transporting an open container, possession of liquor by a minor, possession of marijuana with intent to sell, and no tax stamp, as alleged in WPD incident report number 14C042094."

After the district court reviewed the allegations contained in the warrant, Phillips waived his rights to an evidentiary hearing and did not contest having violated the conditions of probation as alleged by the State. The district court found Phillips "guilty of the charges contained in the warrant."

Phillips argued the following reasons for the district court to reinstate his probation: he was 17 years old at the time of the probation revocation hearing; he was 15 years old when he committed the offense; his criminal history score was I; and sending

2

him to prison would be more harmful than beneficial. The district court was unpersuaded, finding: "Mr. Phillips, you have shown by your multiple probation violations—serious violations, in my opinion—that you are not amenable to probation." The district court revoked Phillips' probation and imposed the underlying sentence of 122 months' imprisonment and 36 months' postrelease supervision. Phillips timely appeals.

*Did the district court err in not making the requisite particularized findings?*

Phillips contends that the district court erred by bypassing the intermediate nonprison sanctions set forth in K.S.A. 2015 Supp. 22-3716(c). Phillips claims the district court failed to make the requisite particularized findings for such an action. Specifically, he contends the district court failed to set forth with particularity the reasons for finding the safety of the members of the public will be jeopardized, that the welfare of the inmate will not be served, or that Phillips committed a new crime while on probation, pursuant to K.S.A. 2015 Supp. 22-3716(c)(8)-(9).

We review issues involving a district court's compliance with the mandates of that statute de novo. See *State v. Riojas*, 288 Kan. 379, 389, 204 P.3d 578 (2009).

Effective July 1, 2013, our legislature somewhat limited a district court's discretion with respect to sanctioning an offender for a probation violation by enacting several amendments to K.S.A. 22-3716 with the passage of House Bill No. 2170. See L. 2013, ch. 76, sec. 5. Compare K.S.A. 2012 Supp. 22-3716(b) with K.S.A. 2013 Supp. 22-3716(c). By and large, K.S.A. 2015 Supp. 22-3716 instructs district courts to impose a series of graduated sanctions upon finding that an offender originally convicted of a felony has violated a technical condition of his or her probation, assignment to community corrections, suspension of sentence, or another nonprison sanction. The sanctions range from continuation or modification of the offender's release conditions to brief periods of confinement in jail, which gradually increase depending upon the number

3

of lesser sanctions the district court has already imposed upon the offender. See K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(D).

But a district court has discretion to bypass the intermediate sanctions and impose the offender's underlying prison sentence if the offender commits a new felony or misdemeanor or absconds from supervision. K.S.A. 2015 Supp. 22-3716(c)(8). This provision applies here. Additionally, K.S.A. 2015 Supp. 22-3716(c)(9) authorizes district courts to bypass the intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." The district court was not required to set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served because it found Phillips had committed a new crime. See K.S.A. 2015 Supp. 22-3716(c)(8).

*Did the district court find Phillips committed a new crime*?

Phillips also contends the district court failed to make specific findings that he committed a new crime. He argues:  "Instead, the district court summarily stated that it was revoking probation because Mr. Phillips was not amenable to probation." We find this is not an accurate description of the facts contained in the record.

First, the relevant statute does not require the district court to make specific findings that an offender committed a new crime while on probation. It provides:

> "If the offender commits a new felony or misdemeanor or absconds from
> supervision while the offender is on probation . . . the court may revoke the probation . . .
> of an offender pursuant to subsection (c)(1)(E) without having previously imposed a

4

sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D)." K.S.A. 2015 Supp. 22-3716(c)(8).

Second, as previously stated, the district court read the allegations contained in the warrant. The allegations included the commission of new crimes—failure to stop from a private drive, no driver's license, no proof of insurance, transporting an open container, possession of liquor by a minor, possession of marijuana with intent to sell, and no tax stamp. Phillips subsequently waived the evidentiary hearing and failed to contest the violations. The district court then found him guilty of the charges contained in the warrant. Furthermore, the journal entry of judgment provides the following brief description of the violation: "Defendant failed to obey the laws as directed; on 06/28/14, defendant committed the crime of Possession of Marijuana as alleged in WPD Report Number 14C042094."

Therefore, the district court did not err by finding Phillips violated his probation by committing a new crime. The district court thus had the discretion to bypass intermediate sanctions and impose Phillips' underlying prison sentence.

*Did the district court abuse its discretion?*

Phillips next contends the district court's decision to revoke his probation was unreasonable because mitigating factors outweighed any violations of probation. He argues the following mitigating factors: he possessed no prior felonies at the time he committed this crime; his criminal history score was I; and he was only 17 years old at the probation revocation hearing.

Probation from serving a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district

5

court's decision whether to revoke a defendant's probation generally involves two distinct components: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation by a preponderance of the evidence, and (2) a discretionary determination as to whether the violation warrants revocation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (citing *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Once the State has proven a violation of the conditions of probation, as here, the disposition of the case lies within the sound discretion of the district court, as long as such discretion falls within the parameters of K.S.A. 2015 Supp. 22-3716. See *Gumfory*, 281 Kan. at 1170. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the district court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

We find the district court did not abuse its sound discretion by revoking Phillips' probation because the record demonstrates that Phillips had been given an opportunity to reform his behavior, but he failed to avail himself of the grace afforded by the district court. The district court was initially reluctant to grant Phillips probation due to the nature of his conduct and his history. The district court afforded Phillips leniency in granting his probation, but Phillips squandered this opportunity to avoid incarceration by ignoring the district court's zero tolerance warnings. Because Phillips' conduct demonstrates that he was not amenable to probation, the district court's decision was reasonable and was not an abuse of discretion.

Affirmed.